**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL J. WELLS, | ) | CASE NO.1:08CR344 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion Pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend the Judgment of the Court in a Ruling Decided by the Court on August 8, 2012 (ECF # 54). On August 8, 2012, the Court denied Petitioner's Motion to Vacate, Set Aside or Correct Sentence (2255) as a second or successive Petition.

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 371 (6th Cir. 1998). "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fidelity Invs. Inst'l Servs. Co.,* 326 F.3d 760, 767 (6th Cir. 2003). Rule 59(e) motions may be granted if there is a clear error of law, newly

discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. *Thomas & Betts Corp. v. Hosea Project Movers, LLC.*, No. 02-2953, unreported 2005 WL 2777012 * 1 (W.D. Tenn. Oct. 24, 2005), *citing Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir.1982).

As Judge James G. Carr announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003):  "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."  *Id.* at 634.

After careful review and consideration of Petitioner's Motion and supporting evidentiary materials, the Court finds no grounds to support a reconsideration of its Order of August 8, 2012, denying Petitioner's second or successive Petition Under 28 U.S.C Section 2255.  The case law cited by Petitioner does not represent new case law and is not persuasive.  Therefore, Petitioner's Motion to Alter or Amend is denied.

IT IS SO ORDERED.

Date 8/27/2012        S/Christopher A. Boyko
                                   CHRISTOPHER A. BOYKO
                                   United States District Judge